UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLENE SCHNEIDER, TRUSTEE )<br>of the CHARLENE SCHNEIDER TRUST, )<br>et al., )<br>)<br>Plaintiffs,[1] )<br>)<br>v. )<br>)<br>STATE AUTO PROPERTY AND )<br>CASUALTY INSURANCE COMPANY, )<br>)<br>Defendant. ) | No. 4:18CV1614 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant State Auto Property and Casualty Insurance Company's Motion to Dismiss Plaintiff's Petition (ECF No. 8) and Motion for More Definite Statement and Motion to Strike Plaintiffs' Allegation Regarding Punitive Damages (ECF No. 12).

This case was initiated in state court alleging breach of insurance contract and vexatious refusal to pay an insurance claim related to property damage incurred during storms. Defendants removed the case to federal court pursuant to U.S.C. §§ 1332, 1441, and 1446. According to Defendants, complete diversity exited between the ordinally named parties and the amount in controversy exceeded the jurisdictional threshold of $75,000.00.

In Defendant's Motion to Dismiss Plaintiff's Petition (ECF No. 8), it argued the original state court petition prior to removal improperly listed the Charlene Schneider Trust as the

---

[1] Pursuant to the First Amended Complaint (ECF No. 11), the Plaintiffs are Charlene Schneider, Trustee of the Charlene Schneider Trust, Marjorie A. Lewitt, Sheri Lynn Schneider-Dicker, and Andrew S. Schneider. The Clerk of Court shall amend the style of the case and all future filing shall reflect this change.

plaintiff. "Under Missouri law, '[t]he trustee is the legal owner of the trust property, in which the beneficiaries have equitable ownership.'" *Mayer v. Lindenwood Female Coll.*, 453 S.W.3d 307, 314 (Mo. Ct. App. 2014) (quoting *Thompson v. Koenen*, 396 S.W.3d 429, 435 (Mo. Ct. App. 2013)). "In contrast to a corporation, a trust is not a legal entity and lacks the capacity to sue or be sued." *Id.* (citing *Pauli v. Spicer*, No. ED 101231, 2014 WL 5139384, *7 (Mo. Ct. App. Oct. 14, 2014) (holding that trustees and beneficiaries are necessary and indispensable parties in actions involving trust property)). A First Amended Complaint was subsequently filed listing Charlene Schneider, Trustee of the Charlene Schneider Trust, Marjorie A. Lewitt, Sheri Lynn Schneider-Dicker and Andrew S. Schneider as Plaintiffs. Consequently, Defendant's Motion to Dismiss Plaintiff's Petition (ECF No. 8) is now moot.

In response to the First Amended Complaint, Defendant filed a Motion for More Definite Statement and Motion to Strike Plaintiffs' Allegation Regarding Punitive Damages. (ECF No. 12) First, Defendant asks the Court to order Plaintiffs to plead, with specificity, the citizenship of all parties after Plaintiffs failed to do so. Plaintiffs respond by arguing they, as the non-removing party, do not bear the burden of establishing diversity jurisdiction.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). However, when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before

responding." *Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

When Defendant removed the case to federal court, it alleged complete diversity existed because it was considered a citizen of Ohio and the originally named plaintiff, the Charlene Schneider Trust, was considered a citizen of Missouri. Plaintiffs did not contest this assertion or move to remand to state court. Rather, Plaintiffs filed a First Amended Complaint properly stylized for federal court that did not include allegations establishing the citizenship of each party.

Federal Rule of Civil Procedure 8 provides, in part, that a claim for relief must include "a short and plain statement of the grounds for the court's jurisdiction, *unless the court already has jurisdiction and the claim needs no new jurisdictional support*." Fed. R. Civ. P. 8(a)(1). Because Plaintiffs have not moved for remand,[2] they have conceded federal jurisdiction exists. The First Amended Complaint, however, does not include sufficient information to establish that diversity jurisdiction remains after the new plaintiffs were named. Accordingly, Defendant's motion is granted as to the motion for more definite statement and Plaintiffs shall file a Second Amended Complaint. *See also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . .").

Defendant's motion also asks the Court to strike Plaintiffs' allegations regarding punitive damages. In the First Amended Complaint, Plaintiffs allege:

> The actions and conduct of Defendant State Auto as set forth herein were outrageous and showed an evil motive or reckless indifference or conscious

---

[2] In their Response to Defendant's More Definite Statement and Motion to Strike Plaintiffs' Allegation Regarding Punitive Damages, Plaintiffs state that "[i]f Defendant cannot satisfy its burden of demonstrating diversity jurisdiction to justify removal, the case should be remanded to State Court." (ECF No. 13, at 2) This one sentence is insufficient to be considered a motion to remand.

- 3 -

disregard for the rights of Plaintiff Trust, and therefore Plaintiffs are entitled to punitive damages from Defendant State Auto, to punish Defendant State Auto and to deter Defendant State Auto and others from like conduct.

(ECF No. 11, at ¶ 22) Defendant argues that punitive damages are disallowed by Missouri's vexatious refusal to pay statute. Rather, it provides that "if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee." Mo. Rev. Stat. § 375.420; *see Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. 2000) (en banc) ("The claim here is by the insured against the insurance company for the policy benefit; the insured's remedy is limited to that provided by the law of contract plus, if section 375.420 applies, the enhancements provided by the statute.").

Plaintiffs respond by stating their First Amended Compliant sufficiently alleges facts supporting their claim of vexatious refusal to pay and state "[t]o the extent Count II of the First Amended Complaint purports to state a claim for exemplary damages over and above the Vexatious Refusal statute . . . , it is withdrawn." (ECF No. 13, at 2)

Plaintiffs have, thus, conceded any damages would be limited by the language provided in Mo. Rev. Stat. § 375.420. Because the Court grants Defendant's motion with respect to the motion for more definite statement and orders Plaintiff to file a Second Amended Complaint, the Court does not need to strike language in the First Amended Complaint. Acknowledging this limitation on potential damages in a memorandum, however, is insufficient. The Court does not allow amendments to pleadings by supplementation or interlineation. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding "that granting leave to amend a complaint

where the plaintiff has not submitted a proposed amendment is inappropriate"). Consequently, the Second Amended Complaint shall also reflect the proper nature of Plaintiffs' claim for damages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant State Auto Property and Casualty Insurance Company's Motion to Dismiss Plaintiff's Petition (ECF No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion for More Definite Statement and Motion to Strike Plaintiffs' Allegation Regarding Punitive Damages (ECF No. 12) is **GRANTED** as to the motion for more definite statement and **DENIED** as to the motion to strike without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure and this Memorandum and Order no later than August 21, 2019. Failure to timely file a Second Amended Complaint or otherwise comply with the instructions set forth above will result in dismissal of this action without prejudice.

**IT IS FINALLY ORDERED** that the August 1, 2019 letter from defense counsel, which the Court construes as a motion for a scheduling order (ECF No. 15), is **DENIED**. The Court will order the parties to submit a joint proposed scheduling plan after Defendant answers or otherwise responds to the Second Amended Complaint.

Dated this 7th day of August, 2019.

*Ronnie L. White* (signature)

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**