**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CHARLENE SCHNEIDER, TRUSTEE<br>of the CHARLENE SCHNEIDER TRUST,<br>et al., | )<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1614 RLW |
| | ) | |
| STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY, | )<br>) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on Plaintiffs' Statement Noting Death and Unopposed Motion to Substitute Party (ECF No. 40), filed pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.

The Third Amended Complaint in this action asserts claims for breach of contract and statutory vexatious refusal to pay under a casualty insurance policy issued by Defendant State Auto Property and Casualty Insurance Company to The Charlene Schneider Trust (the "Trust") for commercial real property owned by the Trust located at 8359 Olive Boulevard.  (ECF No. 30).  The Motion states that Charlene Schneider was the Trustee of the Trust when the action was filed but passed away on July 27, 2020, and Albert S. Rose is the Successor Trustee under the Trust.  Plaintiffs request that Successor Trustee Albert S. Rose be substituted as a party for Charlene Schneider, as Trustee of the Trust.  Defendant does not oppose the Motion to Substitute Party.

Rule 25(a)(1) authorizes the substitution of parties where a parties dies and includes certain requirements for substitution.  The Rule provides in relevant part:

(1) ***Substitution if the Claim Is Not Extinguished***.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
. . . .
(3) ***Service***.  A motion to substitute, <u>together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4</u>.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Rule 25(a)(1), (3), Fed. R. Civ. P. (emphasis added).

Plaintiffs' Motion is not accompanied by a notice of hearing and its certificate of service does not state that service has been made on non-party Albert S. Rose as provided in Rule 5, both as required by Rule 25(a)(3).  The Motion is not properly before the Court for ruling until Plaintiffs comply fully with the Rule's requirements.

Accordingly,

**IT IS HEREBY ORDERED** that the Court will reserve ruling on Plaintiffs' Unopposed Motion to Substitute Party pending Plaintiffs' compliance with Rule 25(a)(3).

**IT IS FURTHER ORDERED** that Plaintiffs shall promptly file a notice of hearing and an amended certificate of service to state that service has been made on non-party Albert S. Rose as provided in Rule 5.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>29th</u> day of October, 2020.