**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALBERT S. ROSE, SUCCESSOR TRUSTEE of the CHARLENE SCHNEIDER TRUST, MARJORIE A. LEWITT, SHERI LYNN SCHNEIDER-DICKER, and ANDREW S. SCHNEIDER, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     No. 4:18-CV-1614 RLW |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on Plaintiffs' Statement Noting Death and Unopposed Motion to Substitute Party (ECF No. 40) and Request for Hearing Date (ECF No. 43) filed pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.

The Third Amended Complaint in this action asserts claims for breach of contract and statutory vexatious refusal to pay under a casualty insurance policy issued by Defendant State Auto Property and Casualty Insurance Company to The Charlene Schneider Trust (the "Trust") for commercial real property owned by the Trust located at 8359 Olive Boulevard. (ECF No. 30). The Motion states that Charlene Schneider was the Trustee of the Trust when the action was filed but Ms. Schneider passed away on July 27, 2020, and Albert S. Rose is the Successor Trustee under the Trust. Plaintiffs request that Successor Trustee Albert S. Rose be substituted as a party for Charlene Schneider, as Trustee of the Trust. Albert S. Rose has been served with the Motion to Substitute Party and counsel has entered an appearance on his behalf. (ECF Nos. 42, 44.) Defendant does not oppose the Motion to Substitute Party.

Rule 25(a)(1) authorizes the substitution of the proper party where a party dies and the claim is not extinguished.  The Rule provides in relevant part:

> (1) ***Substitution if the Claim Is Not Extinguished***.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> . . . .
> (3) ***Service***.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Rule 25(a)(1), (3), Fed. R. Civ. P.

Plaintiffs' Motion and filings comply with the Rule's requirements.  Because the Thomas F. Eagleton U.S. Courthouse is currently closed for in-person hearings as a result of the COVID-19 pandemic and the Motion is unopposed, the Court will grant the Motion without a hearing and substitute Albert S. Rose, Successor Trustee of the Charlene Schneider Trust, for deceased Plaintiff Charlene Schneider, Trustee of the Charlene Schneider Trust.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion to Substitute Party is **GRANTED**.  (ECF No. 40)

**IT IS FURTHER ORDERED** that pursuant to Rule 25(a)(1), Fed. R. Civ. P., Albert S. Rose, Successor Trustee of the Charlene Schneider Trust, is substituted for deceased Plaintiff Charlene Schneider, Trustee of the Charlene Schneider Trust.  The Court on its own motion will amend the case caption, and parties shall use the amended caption shown on this Order for all future filings.

**IT IS FURTHER ORDERED** that in accordance with this Order, the Clerk of the Court shall add party Plaintiff Albert S. Rose, Successor Trustee of the Charlene Schneider Trust, to

the docket sheet; terminate party Charlene Schneider, Trustee of the Charlene Schneider Trust; and amend the short title of the case to <u>Rose, et al. v. State Auto Property and Casualty Insurance Company.</u>

      **IT IS FURTHER ORDERED** that Plaintiff's Request for Hearing Date is **DENIED** as moot.  (ECF No. 43)

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>30th</u> day of October, 2020.